**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-30620

(Summary Calendar)
_____


WESTERN TRADING CO INC,

                              Plaintiff-Appellant,

versus

BELL AVON INC,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
For the Western District of Louisiana
(93-CV-0006)
_____

February 26, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Western Trading Company, Inc. ("Western Trading") brought this
diversity suit against Bell Avon, Inc. ("Bell Avon") seeking
recovery for breach of contract.[1]  Western Trading advanced three

    [*]    Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

    [1]    The contract embodied a distribution agreement between the principles
in which Western Trading agreed to bear the costs of promoting Bell Avon's
products in return for sales commissions.  The contract was to be in force for
five years, with the possibility of extension.  The contract set yearly sales
targets, and Bell Avon reserved the right to review the duration of the agreement
if Western Trading failed to meet these targets.  At the end of the first year,
the contract contemplated that Western Trading would have sold 1,000 units,
generating $80,000 in net sales.  The contract stated that either party could
terminate the agreement with six months notice.

theories of recovery based on Louisiana law:  breach of contract, detrimental reliance, and bad faith breach of a resolutory condition.  After Western Trading presented its case to the bench, the district court granted Bell Avon's motion for judgment as a matter of law, pursuant to FED. R. CIV. P. 50(a).[2]  Western Trading appeals.

The district court granted judgment as a matter of law under FED. R. CIV. P. 50(a), applicable to jury trials.  However, because this case was tried before the bench, we will review the judgment as one granted under FED. R. CIV. P. 52(c), "which parallels the revised Rule 50(a), but is applicable to non-jury trials."  FED. R. CIV. P. 52(c), advisory committee's note on 1991 amendment.  Rule 52(c) allows the court to grant judgment as a matter of law "at any time that it can appropriately make a dispositive finding of fact on the evidence."  *Id*.  A Rule 52(c) judgment "is made after the court has heard all the evidence bearing on the crucial issue of fact, and the finding is reversible only if the appellate court finds it to be `clearly erroneous.'"  *Id.; Southern Travel Club v. Carnival Air Lines*, 986 F.2d 125, 128 (5th Cir. 1993) ("Because the district court's finding . . . was made in accordance with Rule 52(c), we review it only for clear error").  A district court's finding is not clearly erroneous unless it leaves us "with the definite and firm conviction that a mistake has been committed."

---

[2]   The district court also granted Bell Avon's FED. R. CIV. P. 12(b)(6) motion for failure to state a claim upon which relief can be granted.  Because we hold that the district court did not err in granting Bell Avon judgment as a matter of law, we need not address the Rule 12(b)(6) motion.

*Southern Travel Club*, 986 F.2d at 128 (internal quotation marks omitted).  We review questions of law *de novo*.  *Morris v. Homco International, Inc.*, 853 F.3d 337 (5th Cir. 1988).

Applying Louisiana law to the record, we cannot say that the district court erred in granting Bell Avon's motion for judgment as a matter of law.  As to Western Trading's first cause of action, the facts alleged do not support a finding that Western Trading reasonably and detrimentally relied on representations made by Bell Avon.  *See Andrus v. Andrus*, 634 So.2d 1254, 1258 (La. App. 1994) (setting forth the elements for claims of detrimental reliance under Louisiana law).  On Western Trading's second cause of action, Western Trading failed to show that Bell Avon acted in bad faith when it exercised its right, written into the agreement, to terminate the contract.  *See* LA. CIV. CODE ANN. art. 1770, Cmt. f (West 1987) (stating that "good faith" requires consideration of potential hardship to other party, but suggesting that a justifiable business rationale would not constitute bad faith).

Finally, we agree with the district court that although Bell Avon breached the contract, by not allowing Western Trading to continue marketing Bell Avon products during the six months following notice of cancellation,[3] no recovery was warranted because Western Trading made no showing that they were damaged by this breach.[4]  Western Trading's witnesses admitted that they had

---

[3]     *See supra* note 1.

[4]     Testimony indicated that Western Trading made only two $100.00 sales during the five months that the contract was in place, generating approximately $20.00 in commissions.

no way to show, with any reasonable degree of certainty, that they would have made any additional sales during the six-month period following notice of cancellation. *See Guillory v. Terra International, Inc.*, 613 So.2d 1084, 1090 (La. App. 1993) (recognizing that "only actual damages are allowable and these must be established with reasonable certainty"); *Folds v. Red Arrow Towbar Sales Co.*, 378 So.2d 1054, 1059 (La. App. 1979) (stating that "damages for lost profits may not be based on speculation and conjecture" but rather must "be proven within a reasonable certainty"). Although Louisiana law allows recovery for incalculable damages, this presupposes that *some* damage occurred. *See Folds*, 378 So.2d at 1059 (stating that "it is also well recognized that where damage (including loss of profits) and liability are certain and quantum is uncertain, courts are nonetheless required to award damages"). Here, Western Trading failed to show that Bell Avon's breach damaged Western Trading in any way. We conclude, therefore, that the district court did not err in granting judgment as a matter of law in favor of Bell Avon.

For the foregoing reasons, the decision of the district court, granting Bell Avon judgment as a matter of law, is AFFIRMED.